IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Trimble,<br><br>    Petitioner,<br><br>vs.<br><br>McWilliams, et al.,<br><br>    Respondents. | No. CIV 07-0035-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

Randy Trimble filed a timely petition for writ of habeas corpus, challenging his convictions in Maricopa County Superior Court for two counts of Attempted Child Molestation, committed against his seven-year-old daughter, and the imposition of a 10.75-year prison term, followed by lifetime probation. In his eight grounds for habeas relief, he contends that his Fourteenth Amendment rights were violated as follows: (1) he was pressured into accepting a guilty plea in order to escape the conditions of confinement at the Maricopa County Jail; (2) the prosecutor withheld evidence from him for the purpose of obtaining a guilty plea; (3) the trial court considered tampered evidence during sentencing; (4) the trial court accepted his guilty plea even though Trimble was not mentally competent; (5) his attorney insisted on pursuing a plea agreement and the trial judge tricked him into accepting a plea agreement; (6) the trial court imposed aggravated terms of probation; (7) Trimble was subjected to a polygraph test; and (8) he was not allowed to represent himself,

also a violation of his Sixth Amendment rights. Respondents contend that all of Trimble's grounds are procedurally defaulted, as a result of his failure to raise them in the state courts, or in a procedurally appropriate manner, or as a federal constitutional claim. Trimble has also filed two motions seeking to amend his petition to add further grounds, and for a "transferral of the record" (Doc. #22, 29). The Court will deny Trimble's motions, and recommend that the petition be denied and dismissed with prejudice.

## BACKGROUND

At the change of plea hearing, Trimble informed the trial court that he had not consumed any alcohol, drugs or medicine in the previous 24 hours (Doc. #18, Exh B, R.T. 8/17/04 at 2). He also stated that he had read the plea agreement and reviewed it with his attorney (*Id.*) He told the trial court that the plea agreement contained everything that the parties had agreed to, that no promises had been made which were not contained in the agreement, and that no threats, force or coercion were used against him to get him to enter into the plea (*Id.* at 3). He acknowledged the constitutional rights he would be waiving by entering into the plea and that he wished to waive such rights (*Id.* at 3-4). He indicated that he understood the available sentencing range, including the requirement of registering as a sex offender (*Id.* at 4-5). He also acknowledged the stipulated sentence of lifetime probation as to the second count (*Id.* at 6). Finally, he indicated that he understood that once accepted, the plea could not be withdrawn absent a finding by the court that manifest injustice would occur if the agreement was enforced (*Id.* at 6-7).

Following the entry of his guilty plea, Trimble requested new counsel; the trial court denied Trimble's request but allowed him to waive counsel and represent himself (*Id.*, Exh A, M.E. 9/30/2004). In addition, he requested leave to withdraw from the plea agreement, which the trial court denied, finding that Trimble knowingly and voluntarily entered into the plea agreement (*Id.*). Trimble filed two additional motions to withdraw from the plea agreement; both were denied by the trial court (*Id.*, M.E. 11/05/2004, 12/10/2004).

Following sentencing, Trimble filed a notice of post-conviction relief; the trial court appointed counsel (*Id.*, M.E. 5/5/2005). Counsel filed a notice of completion of post-

conviction review, finding no colorable claims for relief; the trial court granted Trimble 45 days to file a pro per petition for post-conviction relief (*Id.*, M.E. 8/16/2005).

Trimble filed a petition for post-conviction relief, raising the following claims:

(1) Evidence, statements, and medical exam [were] obtained by an unconstitutional search and seizure, because [they were] done without consent, and through permission of Veronica Trujillo who had no authority to act in such a manner;

(2) The petitioner was intimidated in the courtroom;

(3) The trial court accepted a coerced confession;

(4) The infringement of the right against self-incrimination;

(5) The defendant was denied the constitutional right to represent himself when it mattered;

(6) The unconstitutional suppression of evidence and statements by the State and C.P.S.;

(7) The unconstitutional use by the State of perjured testimony made by Terje Boe;

(8) The abridgement of any right guaranteed by the constitution or laws of this state or by the constitution of the United States, including a right that was not recognized as existing at the time of the plea if retrospective [sic] of that right is required. Such as the Blakely v. Washington, the right to have a stenograph to record the settlement conference;

(9) Unlawfully induced plea of guilt;

(10) Conditions of the defendant's confinement at Joseph Arpaio's jail caused the defendant to become incapacitated in his normal mental abilities. That prevented the defendant from making a clear intelligent decision;

(11) The defendant was denied a competent lawyer throughout this case;

(12) On August 17, 2004 public defender improperly seeked [sic] assistance of the sentencing judge;

| | | |
|---|---|---|
| 1 | (13) | The sentencing judge improperly participated in legal consultation between [defense counsel] and the defendant; |
| 3 | (14) | The defendant was denied his benefits under the Blakely law; |
| 4 | (15) | The defendant was wrongly told the charges dismissed wouldn't be used against him; |
| 6 | (16) | The defendant had a thick chain around his waist and was padlocked in the back. The pad lock caused the defendant extreme pain to his spinal injured area. That pain caused mental impairments on August 17, 2004; |
| 9 | (17) | The plea agreement with things crossed out also conflicting terms made it hard to understand; |
| 11 | (18) | Prior to September 30, 2004, the defendant diligently tried to obtain the criminal rules of procedure and other case laws to review....The defendant still has no clue what manifest of Justice [sic] really means; |
| 14 | (19) | From Jan. 2004 until August 11, 2004 C.P.S. sent the defendant misleading letters in the mail in regards to the defendant's daughter['s] condition at the foster home; |
| 17 | (20) | The court claims an intelligent decision of such magnitude can be made in five minutes. The defendant will challenge that claim because it is a false claim made by [the trial judge]; and |
| 20 | (21) | Facts will show Mary Kunkel failed to identify DA-DA. |

(*Id.*, R.O.A. 235).

On November 25, 2005, the trial court dismissed the petition, finding no colorable claim for relief (*Id.*, Exh A, R.O.A. Item 247). On December 6, 2005, Trimble filed a petition for review, reurging his claims (*Id.*, Exh C). On August 4, 2006, the court of appeals denied review; on December 12, 2006, the supreme court denied review (*Id.*, Exh F, H).

On August 30, 2006, Trimble filed a second petition for post-conviction relief, raising four issues:

(1) Was it improper for judicial participation in the plea bargain;

- 4 -

1         (2)      Did the court consider tampered evidence to aggravate the sentence;

2         (3)      Did the court consider tampered evidence to sentence defendant [to] more than the presumptive [term]; and

4         (4)      Did the defendant waive his liberties knowingly as in regarding probation terms.

(*Id.*, Exh I). The trial court summarily dismissed the second petition, finding that Trimble was precluded from obtaining relief on any of the claims raised in the second petition because they could have been raised in the first petition, citing Ariz. R. Crim. P. 32.6.

## EXHAUSTION OF REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*

1  However, if the court finds that the petitioner would have no state remedy were he to return
2  to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
3  U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
4  court may decline to consider these claims unless the petitioner can demonstrate that a
5  miscarriage of justice would result, or establish cause for his noncompliance and actual
6  prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
7  722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
8  433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

9       Further, a procedural default may occur when a Petitioner raises a claim in state court,
10 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.
11 at 730-31. In such cases, federal habeas review is precluded if the state court opinion
12 contains a plain statement clearly and expressly relying on a procedural ground "that is both
13 'independent' of the merits of the federal claim and an 'adequate' basis for the court's
14 decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent"
15 unless application of the bar depends on an antecedent ruling on the merits of the federal
16 claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S.856
17 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"
18 *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,
19 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state
20 court pursuant to an independent and adequate state procedural rule, just as in cases
21 involving defaulted claims that were not fairly presented, federal habeas review of the claims
22 is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual
23 prejudice to excuse the default. *See Teague*, 501 U.S. at 750-51.

## DISCUSSION

25      Respondents first argue that Trimble's first and fourth grounds were not fairly
26 presented to the state courts because they were not presented as federal constitutional claims.
27 In his first ground, Trimble argues that his Fourteenth Amendment rights were violated when
28 he was pressured into accepting a guilty plea in order to escape the conditions of confinement

- 6 -

1  at the Maricopa County Jail: bad food, inadequate medical attention for his ingrown toenail,
2  and constant illumination in his cell. Trimble did argue this claim in state court, but not as
3  a federal constitutional claim.  Trimble's reference to his "constitutional rights being
4  ignored" raised for the first time in his reply brief before the court of appeals, is insufficient
5  to satisfy the exhaustion requirement. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir.
6  2005).

7  In his fourth ground, he argues that he was mentally incompetent to enter into the plea
8  agreement because of physical pain caused by his ingrown toenail and too much talking in
9  the courtroom during the change of plea hearing, in violation of his Fourteenth Amendment
10 rights.  He similarly raised this claim in state court proceedings, but not as a constitutional
11 claim.  His reference, made for the first time in his petition for review to the Arizona
12 Supreme Court, to federal cases supporting his argument about conditions at the jail and his
13 mental competence to enter the plea, is insufficient to satisfy the exhaustion requirement.
14 *Id*.

15 In his second ground, Trimble contends that his Fourteenth Amendment rights were
16 violated when the prosecutor withheld evidence from him that the 8-year-old victim began
17 acting out sexually after being taken into the custody of Child Protective Services. He raised
18 a similar claim in state court, but failed to assert it as a federal constitutional claim.  His
19 citation to *Brady v. Maryland* [1] in his reply brief is both untimely to avoid waiver of the
20 claim, *see State v.Watson*, 198 Ariz. 48, 50-51 (App. 2005), and a somewhat different claim
21 than what he is arguing in his federal petition.

22 In his third, fifth and sixth grounds, Trimble argues that his Fourteenth Amendment
23 rights were violated by the trial court's 1) use of tampered evidence during sentencing, 2)
24 tricking him into accepting the plea agreement; and 3) imposing aggravated terms of
25 probation. These grounds are unexhausted for several reasons. First, they are not the same
26 arguments made in the court of appeals. In his petition for review, he argued that 1) evidence

---

[1] 373 U.S. 83, 87-88 (1963).

- 7 -

1  was seized unconstitutionally; and 2) it was unconstitutional for the judge to give legal
2  advice.  He did not raise the sentencing issue before the court of appeals.  Second, he raised
3  these particular claims for the first time in his amended second petition for post-conviction
4  relief.  The trial court found them precluded, pursuant to Ariz. R. Crim P. 32.6, because they
5  could have been raised in his first post-conviction petition.  The trial court's ruling rests on
6  an independent and adequate state procedural ground.  *Harris*, 489 U.S. at 260.  Because it
7  would be futile to return to state court, the claims are procedurally defaulted.  Finally,
8  Trimble has shown no cause and prejudice to excuse the default.  *Teague*, 501 U.S. at 750-51

9        In his seventh ground, Trimble contends that he passed a polygraph test, but was not
10 released, as were others who passed, in violation of his equal protection rights.  Although
11 Trimble raised this claim in state court, he did not raise it as a federal constitutional claim.
12 In addition, in his petition for review, he couched the argument in terms of a violation of his
13 Fifth Amendment right not to incriminate himself.  In his federal petition, he argues a
14 different violation: an equal protection claim.   Because he did not fairly present the equal
15 protection claim in state court, it is unexhausted.  *Tamalini*; *Roettgen*.  Because it would be
16 futile to return to state court, the claims are procedurally defaulted.  Finally, Trimble has
17 shown no cause and prejudice to excuse the default.  *Coleman*.

18       In his eighth ground, he contends that he was denied his Sixth and Fourteenth
19 Amendment right to represent himself in state court.  The claim raised in state court was
20 different: an ineffective assistance of counsel claim.  In his petition for review, he argued for
21 the first time that he was denied the constitutional right to represent himself.  This "drive-by"
22 reference to the constitution is insufficient to satisfy the exhaustion requirement.  *See*
23 *Castillo*, 399 F.3d at 999.  In addition, he has shown no cause and prejudice to excuse the
24 default.  *Coleman*.  In any event, his claim is without merit.  The trial court granted his
25 request to represent himself.

26       **PENDING MOTIONS**

27       In their Response to Trimble's motion for "transferral of the record," Respondents
28 state that one of the documents requested was attached to their Answer, and that four other

1 requested documents are attached to their Response to his motion (Doc. #28).The final
2 requested document is titled "Reply by Petitioner, Exhibit titled Chronicles." Respondents
3 argue that to the extent they can identify the document, or verify that it exists as part of the
4 state court record, it is one created by Trimble, and "because of the extreme number of such
5 documents Petitioner has filed and continues to file, Petitioner should be made responsible
6 for records management" (*Id*.). His motion will be denied.

7 In addition, the Court will deny both Trimble's motions to amend because the
8 proposed amendments would be futile. In his first motion, the proposed additional claim,
9 that his plea agreement "contains jurisdictional defects" and otherwise violates state law,
10 was not exhausted in state court, *Swoopes,* and is procedurally defaulted. *Teague*. In any
11 event, as a state law claim, it is not cognizable on federal habeas review. *Estelle v. McGuire*,
12 502 U.S. 62, 67-68 (1991).

13 In the second motion to amend, he seeks to add six new grounds for relief.[2] However,
14 a review of the proposed amended petition indicates that, with respect to grounds numbered
15 9, 10, 11 and 14, they are not new claims but Trimble's attempts to establish cause and
16 prejudice for his failure to exhaust the grounds raised in the initial petition. With respect to
17 grounds numbered 12 and 13, where he asserts First Amendment violations as a result of his
18 status as a registered sex offender, he admits they have not been exhausted in state court.
19 *Swoopes*. In addition, because he would have no state remedy were he to return to the state
20 court, they are procedurally defaulted. *Teague*. He has not established any cause or
21 prejudice to excuse the default. *Coleman* His assertion that he could not adequately exhaust
22 any of the grounds in state court because the Rule 32 form is "defective," and is "purposely
23 designed to deny me the right to Federal relief," is without merit.

24 **IT IS THEREFORE RECOMMENDED** that Randy Trimble's petition for writ of
25 habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

---

27 [2] Respondents contend that Trimble failed to comply with the local rules requiring the
attachment of a proposed amended pleading as an exhibit to the motion. However, Trimble
28 *did* file a Lodged Proposed Amended Petition with his motion, and Respondents received
electronic notification of this. *See* Doc. #30.

1     **IT IS FURTHER ORDERED DENYING** Trimble's Motion for Transferral of the
2 Record, and Motions to Amend(Doc. #10, 22, 29).

3     This recommendation is not an order that is immediately appealable to the Ninth
4 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5 Appellate Procedure, should not be filed until entry of the district court's judgment. The
6 parties shall have ten days from the date of service of a copy of this recommendation within
7 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
8 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
9 which to file a response to the objections. Failure timely to file objections to the Magistrate
10 Judge's Report and Recommendation may result in the acceptance of the Report and
11 Recommendation by the district court without further review. *See United States v. Reyna-*
12 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
13 determinations of the Magistrate Judge will be considered a waiver of a party's right to
14 appellate review of the findings of fact in an order or judgment entered pursuant to the
15 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

16     DATED this 22nd day of October, 2007.

_____
David K. Duncan
United States Magistrate Judge